[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant Mount Sinai Hospital makes this motion for summary judgment claiming that the intervening complaint of the defendant Marriott Corporation, the plaintiff's employer, was not brought within two years subsequent to the injury sustained by the plaintiff employee. CT Page 1416
The injury was sustained on March 10, 1991. The employee commenced the action by service of process on March 8, 1993. The plaintiff has not given notice to the employer, as is required by General Statutes § 31-293. The employer Marriott Corporation intervened on May 14, 1993. The defendant moves for summary judgment on the grounds that the two year statute of limitations has run against the intervening employer, because the intervening complaint was not brought against the employer within the two year period of the statute of limitations.
The plaintiff has never given notice to the intervening plaintiff, the employer, of the commencement of suit. The first notice that the employer had was when the named defendant demanded indemnification from the intervening employer.
The law is clear that an employer who does not receive notice from an employee concerning the institution of a third party action in accordance with § 31-293 cannot be barred from intervening by the passage of time which the statute prescribes, because until notice is given the time does not start to run. Gurliacci v. Mayer, 218 Conn. 531, 547 (1991).
As is expected, recent Superior Court decisions have adhered to the direction of the Supreme Court under these circumstances. See Hannon v. Meridan Square Partnership,16 Conn. Law Rptr. No. 18, 560 (July 1, 1996); Corbiel v. RussStreet Associates, 13 Conn. Law Rptr. No. 14, 441 (August 1995); Corcoran v. Hurtyka, CV92 030462 Superior Court, Milford (May 1994).
The fact that the plaintiff has not herself given the requisite notice does not bar the employer from intervening, once the action comes to the attention of the employer. To hold otherwise would allow the employee to forever bar the employer's intervention by perpetual forbearance to give notice. Further the fact that the employer may receive information concerning the commencement of the action from some other source, other than the statutory requisite of notice by the employee, does not comport with the requisite of notice, in its specific form, as required to be given by the employee. See Gurliacci v. Mayer, supra p. 578, 579. In accordance with the procedure adopted by the trial court and CT Page 1417 sanctioned by the Supreme Court in Gurliacci v. Mayer, supra p. 577-578, 579, the court allows the intervening employer to remain as a party to the action in accordance with and pursuant to its statutory right to intervene.
For the reasons set forth herein the motion for summary judgment is denied.
L. Paul Sullivan, J.